# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **SHELLEE BASS,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO.:** |
| ) | |
| VS. ) | _____ |
| ) | |
| **SAS AUTOMOTIVE USA, INC.** ) | |
| **d/b/a SAS INTERIOR MODULES,** ) | **JURY DEMAND REQUESTED** |
| **and FAURECIA INTERIOR** ) | |
| **SYSTEMS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, Shellee Bass, a resident of Alabama who was employed by SAS Automotive USA, Inc. d/b/a SAS Interior Modules, which is held out to be a company of Faurecia Interior Systems, Inc., (hereinafter referred to as collectively as "Defendants"). Plaintiff contends that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq*. In support thereof, Plaintiff hereby alleges the following:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in

Employment Act of 1967 ("ADEA"), 29 U.S.C. §621 *et seq*. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331.

2. Venue in this Court is appropriate for all causes of action stated herein pursuant to 28 U.S.C. § 1391(b)(2) because the acts alleged as a basis for the federal claims were committed within the jurisdiction of the United States District Court for the Northern District of Alabama. This action is brought within the state where the unlawful employment practices were committed, making venue proper.

3. This Court has personal jurisdiction over the Defendants for the purposes of this lawsuit.

## PARTIES

4. Plaintiff, Shellee Bass (hereinafter "Plaintiff"), is a female citizen of the United States, over the age of 40, and a resident of Tuscaloosa County, Alabama. At all times material to this Complaint, Plaintiff was an employee of Defendants.

5. Defendant SAS Automotive USA, Inc. d/b/a SAS Interior Modules (hereinafter referred to as "Defendant SAS" or "SAS") is a foreign corporation incorporated in Delaware, who conducts business in this judicial district at 1 Mercedes Drive, Vance, AL 35490.

6. At all times relevant in this lawsuit, the Defendant SAS has continuously been doing business in the State of Alabama and has continuously had at least 20 employees.

7. Defendant Faurecia Interior Systems, Inc. (hereinafter referred to as "Defendant Faurecia" or "Faurecia") is a foreign corporation incorporated in Delaware, who conducts business in this judicial district at 1401 Industrial Park Drive, Tuscaloosa, AL 35401.

8. At all times relevant in this lawsuit, the Defendant Faurecia has continuously been doing business in the State of Alabama and has continuously had at least 20 employees.

9. Defendant Faurecia purports to be the owner of Defendant SAS.

10. At all times relevant to this lawsuit, the Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Title VII § 701(b), (g) and (h), 42 U.S.C. § 2000e-(b), (g) and (h), and within the meaning of ADEA, 29 U.S.C. §630(b), (g) and (h).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff has timely and fully complied with all perquisites for administrative exhaustion required for jurisdiction in this court under Title VII and ADEA, and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred.

12.     In particular, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 28, 2020, within 180 days of discriminatory conduct by the Defendants (a copy of which is attached hereto as Exhibit "A"). On April 28, 2021, the EEOC issued to the Plaintiff a "Dismissal and Notice of Rights" letter, including a "Notice of Suit Rights" (a copy of which is attached hereto as Exhibit "B"), which was received by Plaintiff via the US Mail. This lawsuit is timely filed within 90 days of the receipt of that notice.

## STATEMENT OF FACTS

13.     Plaintiff commenced her employment with SAS on or around September 5, 2018.

14.     Plaintiff began working as a team lead for SAS on or around May 2019.

15.     On October 22, 2020, Plaintiff was terminated.

## COUNT ONE – Title VII Discrimination

16.     The Plaintiff incorporates and re-alleges the facts set out in paragraphs 13-15 of this Complaint as if set forth fully herein.

17.     The Plaintiff has timely and fully complied with all prerequisites for administrative exhaustion as described in paragraphs 11-12 of this Complaint.

18. At all relevant times, Plaintiff has been an employee of SAS and Defendants have controlled the means and manner of Plaintiff's work.

19. Defendants have intentionally discriminated against the Plaintiff, a female employee, with malice or reckless disregard to the Plaintiff's federally protected rights.

20. Plaintiff was subject to discriminatory working conditions and standards, and she was terminated and replaced by a male employee.

21. Plaintiff was team lead for the A shift and a male employee, Trent, was the team lead for B shift.

22. Plaintiff was held to different standards than her male counterpart, and she was treated differently due to her gender.

23. Plaintiff was written up several times for not being available to help fill up a tugger or for having to leave a station without filling all the calls, however, the male team lead, Trent, was never written up for the same issues.

24. Also, when Plaintiff had an incident of dropping a pallet after someone had previously left them askew, Plaintiff was ridiculed and treated differently by her male supervisor, Alex. He only allowed her to load dollies for several weeks and he made negative comments about her abilities. Male employees who had incidents of dropping a pallet or causing damage were not treated the same way.

25. Plaintiff's supervisor Alex also made it known through his actions and words that he favored male employees more than female employees.

26. Alex told Plaintiff that she and another female employee reminded him of his mother, and Alex did not believe they could do the job.

27. Alex treated Plaintiff very harshly and yelled at her frequently, yet a male employee on his shift, Gino, could leave work early, take too long breaks, and refuse jobs, and Alex would never want to discipline him.

28. In fact, Plaintiff was written up for supposedly talking inappropriately to Alex only after she went to him asking him if he could discipline Gino for leaving early again.

29. Plaintiff did not talk inappropriately to Alex; however, Alex did yell at her about asking him about Gino, which was also not the first time he had done so.

30. Defendants frequently made false statements in write ups of Plaintiff, making assertions she left work early when that was not accurate and also asserting she talked negatively to her supervisors when that was false.

31. Following Plaintiff's termination, Defendants generated a write up that Plaintiff had never even seen before that stated Plaintiff refused to sign for an alleged incident in January 2020. The alleged incident never occurred in the first

place, and, furthermore, Plaintiff was never presented with an opportunity to sign such write up and never knew of its existence. The entirety of the write up is false.

32. Plaintiff was also presented with a write up during her employment that was completely re-written by HR before it was presented to her again.

33. This unreliability of alleged discipline and false narratives created by Defendants show that their reasoning for firing Plaintiff was clearly pre-textual.

34. Plaintiff's position was filled by a male employee, Adam, who had a record of damaging equipment, yet he was not written up.

35. Despite the discriminatory conditions Plaintiff was subjected to, she performed at the same level or better than the other team lead, yet she was terminated and replaced by Adam, a male.

36. The Defendants' unlawful sex discrimination has caused Plaintiff to suffer financial loss, economic loss, shame, humiliation, and emotional distress.

37. As a direct and proximate result of the Defendants' conduct, the Plaintiff has specifically suffered lost wages and benefits, mental anguish, emotional distress, and other damages due to the Defendants' acts, as set forth above.

38. The Defendants' acts were intentional and/or taken with reckless indifference to the Plaintiff's federally protected rights, and thus entitle the Plaintiff to an award of non-pecuniary damages.

## COUNT TWO – ADEA Discrimination

39. The Plaintiff incorporates and re-alleges the facts set out in paragraphs 13-15 of this Complaint as if set forth fully herein.

40. The Plaintiff has timely and fully complied with all prerequisites for administrative exhaustion as described in paragraphs 11-12 of this Complaint.

41. At all relevant times, Plaintiff has been an employee of SAS and Defendants have controlled the means and manner of Plaintiff's work.

42. Defendants have intentionally discriminated against the Plaintiff, an employee over the age of 40, with malice or reckless disregard to the Plaintiff's federally protected rights.

43. Plaintiff was subject to discriminatory working conditions and standards, and she was terminated and replaced by an employee under the age of 40.

44. Plaintiff was team lead for the A shift and an employee under the age of 40, Trent, was the team lead for B shift.

45. Plaintiff was held to different standards than her younger counterpart, and she was treated differently due to her age.

46. Plaintiff was written up several times for not being available to help fill up a tugger or for having to leave a station without filling all the calls, however, the younger team lead, Trent, was never written up for the same issues.

47. Plaintiff's supervisor Alex also made it known through his actions and words that he favored younger employees.

48. Alex told Plaintiff that she and another female employee reminded him of his mother and that they were old, and Alex did not believe they could do the job.

49. Alex treated Plaintiff very harshly and yelled at her frequently, yet a younger employee on his shift, Gino, could leave work early, take too long breaks, and refuse jobs, and Alex would never want to discipline him.

50. In fact, Plaintiff was written up for supposedly talking inappropriately to Alex only after she went to him asking him if he could discipline Gino for leaving early again.

51. Plaintiff did not talk inappropriately to Alex; however, Alex did yell at her about asking him about Gino, which was also not the first time he had done so.

52. Defendants frequently made false statements in write ups of Plaintiff, making assertions she left work early when that was not accurate and also asserting she talked negatively to her supervisors when that was false.

53. Following Plaintiff's termination, Defendants generated a write up that Plaintiff had never even seen before that stated Plaintiff refused to sign for an alleged incident in January 2020. The alleged incident never occurred in the first

place, and, furthermore, Plaintiff was never presented with an opportunity to sign such write up and never knew of its existence. The entirety of the write up is false.

54. Plaintiff was also presented with a write up during her employment that was completely re-written by HR before it was presented to her again.

55. This unreliability of alleged discipline and false narratives created by Defendants show that their reasoning for firing Plaintiff was clearly pre-textual.

56. Plaintiff's position was filled by an employee under the age of 40, Adam, who had a record of damaging equipment, yet he was not written up.

57. Despite the discriminatory conditions Plaintiff was subjected to, she performed at the same level or better than the other team lead, yet she was terminated and replaced by Adam, an employee under the age of 40.

58. The Defendants' unlawful age discrimination has caused Plaintiff to suffer financial loss, economic loss, shame, humiliation, and emotional distress.

59. As a direct and proximate result of the Defendants' conduct, the Plaintiff has specifically suffered lost wages and benefits, mental anguish, emotional distress, and other damages due to the Defendants' acts, as set forth above.

60. The Defendants' acts were intentional and/or taken with reckless indifference to the Plaintiff's federally protected rights, and thus entitle the Plaintiff to an award of non-pecuniary damages.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff respectfully requests that this Court grant the following relief:

(a) Grant the Plaintiff a declaratory judgment that the practices complained of herein are in violation of Title VII and ADEA;

(b) Grant the Plaintiff an Order enjoining the Defendants from engaging in discriminatory practices on the basis of sex and age;

(c) Grant the Plaintiff the appropriate amount of back pay, loss of employment benefits, and other damages for the unlawful and discriminatory practices of the Defendants, or in the alternative, front pay;

(d) Grant the Plaintiff an award of compensatory and/or punitive damages to make her whole;

(e) Award the Plaintiff her costs and expenses, including a reasonable attorney's fee; and,

(f) Award such other and further relief as may be permitted by statute or as may be just and proper.

DATED this 27th day of July, 2021.

Respectfully Submitted,

**/s/ Charles A. Hardin**
Charles A. Hardin (ASB-9519-R67C)
2121 14th Street
Tuscaloosa, Alabama 35401

        Telephone: (205) 523-0462
        Email: cah@hardinhughes.com

        **/s/ Hillary V. Keller**
        Hillary V. Keller (ASB-1136-K15F)
        2121 14th Street
        Tuscaloosa, Alabama 35401
        Telephone: (205) 523-0464
        Email: hkeller@hardinhughes.com

        *Attorneys for Plaintiff*

## Jury Demand

Plaintiff demands trial by struck jury.

**Defendants' Address:**
SAS Automotive USA, Inc.
c/o Capital Corporate Services, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Faurecia Interior Systems, Inc.
c/o Capital Corporate Services, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104